UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHAWN R. DISSER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-02319-SEB-MJD |
| | ) | |
| CYBORSKI DHO, | ) | |
| JACKIE SHAW, | ) | |
| PLYLER K9 Officer, | ) | |
| GEO GROUP, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Shawn Disser is a prisoner currently incarcerated at New Castle Correctional Facility ("New Castle"). He filed this civil action alleging Eighth Amendment violations for excessive force and denial of a meal. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The complaint names as defendants 1) DHO Cyborski, 2) Jackie Shaw, and 4) K9 Officer Plyler. Plaintiff alleges that on April 17, 2023, DHO Cyborski took Plaintiff's lunch tray from him and ordered him to leave the chow hall because he believed Plaintiff had already eaten. When Plaintiff informed him that he had not eaten already and stood up, DHO Cyborski grabbed Plaintiff's arm. Plaintiff asked him not to touch him "due to previous traumas" and shrugged him off. Dkt. 1 at 2. When DHO Cyborski grabbed him again, Plaintiff "blacked out" and "struck Cyborski in the face rendering him unconscious." *Id.* Officer Plyler then tried to tackle Plaintiff, who "hip tossed" him off. *Id.* After placing Plaintiff in mechanical restraints, Jackie Shaw, DHO Cyborski, and Officer Plyler beat Plaintiff. Afterward, they took Plaintiff to medical, where medical staff refused to take photos or treat his injuries.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

### A. Dismissed Claims

First, any excessive force claims prior to Plaintiff being placed in mechanical restraints are **dismissed for failure to state a claim**. "The Eighth Amendment prohibits unnecessary and wanton infliction of pain, thus forbidding punishment that is 'so totally without penological justification that it results in the gratuitous infliction of suffering.'" *Leiser v. Kloth*, 933 F.3d 696, 703 (7th Cir. 2019) (quoting *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003), quoting *Gregg v. Georgia*,

428 U.S. 153, 173 (1976)). Force, however, remains permissible if used "in a good-faith effort to maintain or restore discipline." *McCottrell*, 933 F.3d at 664 (cleaned up).

Prior to being placed in mechanical restraints, Plaintiff alleges he "struck Cyborski in the face rendering him unconscious" because DHO Cyborski grabbed his arm, and then "hip tossed" Officer Plyler off of him when he tackled Plaintiff after he struck DHO Cyborski. Because Plaintiff states that he initiated a fight with the officers before they utilized force, he alleges a scenario where force was used in a good faith effort to restore discipline. Accordingly, he fails to sufficiently plead an excessive force claim prior to being placed in mechanical restraints.

Second, Plaintiff's claim that he missed one meal because of this isolated incident is simply not enough to state an Eighth Amendment violation and it is **dismissed for failure to state a claim**. *See Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012) (no Eighth Amendment violation where plaintiff occasionally missed breakfast but did not allege any danger to his health).

Third, the claims that medical staff denied Plaintiff medical attention must be **dismissed for failure to state a claim**. "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). "The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Id.* However, Plaintiff does not identify a person that denied him medical attention. Claims against unknown defendants in federal court is generally disfavored by the Seventh Circuit. *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted) ("it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it

otherwise help the plaintiff."). However, if through discovery Plaintiff is able to learn the name(s) of the unknown medical staff, he may seek leave to add a claim against them.

Fourth, all claims against Geo Group are **dismissed for failure to state a claim**. Private corporations acting under color of state law—including those that contract with the state to provide essential services to prisoners—are treated as municipalities for purposes of Section 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a *Monell* claim, the plaintiff must identify an action taken by the municipality and allege a causal link between the municipality's action and the deprivation of federal rights. *Dean,* 18 F.4th at 235. "A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019).

The complaint does not identify a Geo Group policy, practice, or custom (or lack thereof) that caused the alleged assault or otherwise led to the violation of Plaintiff's rights. *See McCauley v. City of Chicago*, 671 F.3d 611, 616–18 (7th Cir. 2011) (finding *Monell* claim properly dismissed at screening). Therefore, he fails to sufficiently plead a clam against Geo Group.

### B. Claims That Shall Proceed

Plaintiff has adequately stated Eighth Amendment excessive force claims against DHO Cyborski, Jackie Shaw, and Officer Plyler for beating him while he was in mechanical restraints, and these claims **shall proceed**.

This summary of claims includes all the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through May 31, 2024,** in which to identify those claims.

The **clerk is directed** to terminate GEO Group, Inc. as a defendant on the docket.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants DHO Cyborski, Jackie Shaw, and Officer Plyler in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to terminate GEO Group, Inc. as a defendant on the docket.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Date: 6/13/2024

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

SHAWN R. DISSER
222195
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

DHO Cyborski
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

Jackie Shaw
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

K9 Officer Plyler
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362